## Hurwitz *v.* Hurwitz, Appellant.

Argued November 19, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*Samuel M. Tollen,* with him *Louis A. Bloom,* for appellant.

*Guy W. Davis,* with him *Elgin E. Weest,* for appellee.

OPINION BY ARNOLD, J., March 5, 1946:

This is an action in divorce (a. v. m.) by the husband. The parties were married in 1919. The libellant was a widower with two children. Two children were born of the present marriage. At the time of the hearing before the master the libellant was fifty-two years of age and the respondent forty-four. The libellant had been engaged in the cleaning business but was unemployed at the time of the hearing. The respondent was not employed.

The case was referred to a master who made a painstaking examination of the testimony and had the ad-

vantage of observing the demeanor of the witnesses. In a careful report he recommended a decree on the ground of indignties to the person, and overruled exceptions by the wife-respondent. After argument, the court of common pleas made an independent examination of the record and sustained the master, and this appeal by the wife-respondent followed. The testimony is full of criminations and recriminations. The testimony of the libellant and his witnesses, if considered alone, clearly entitles him to a divorce. We agree with the court and the master that there was a course of conduct by the respondent which constituted indignities: (a) Profane language and epithets directed by the respondent towards the libellant, publicly and privately. (b) That the respondent was profane, loud, abusive and quarrelsome. (c) That she on various occasions threw things at the libellant and on one occasion injured one of his children. (d) That she publicly assaulted him in his store, and when he attempted to telephone for help, assaulted his employe.

The respondent denies, seriatim, the specific instances of indignities. She called witnesses but most of their testimony was negative—that they had not seen her commit any act of indignity. The other corroborating testimony of the respondent was not persuasive to the master, the court below, or this court. Much of respondent's testimony is irrelevant, aggressive and meandering. No legal question is involved, the main contention being that the husband was not the innocent spouse, but this depends upon the credibility of the witnesses, whose testimony, as usual, is contradicted.

We have made an independent examination of the evidence and in our opinion the testimony is clear and convincing that the husband-libellant is entitled to a divorce by reason of the indignities heaped upon him by his wife, this appellant.

Judgment affirmed.